JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Plaintiffs-appellants, Joan Lewin, et al. ("appellants"), appeal the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby reverse and remand to the lower court.
 I. {¶ 2} This is a slip and fall case. Appellant Joan Lewin ("Joan") alleges that she sustained bodily injury when she stepped into a hole on September 20, 2002 at a football game at Lutheran West High School ("Lutheran West") in Rocky River, Ohio. The incident occurred in the parking lot of the football stadium at Lutheran West.
 {¶ 3} Lutheran West contracted with Seuffert Construction Company (Seuffert) to perform general contracting and construction management work for a major addition and renovation project at the school. The renovation project was ongoing at the time of Joan's fall. The construction project was limited to the main school building, which is separate from the field. The project was a building expansion and renovation.
 {¶ 4} On September 20, 2002, Joan entered the parking lot of the football stadium at Lutheran West to watch her grandson participate in a football game. She and her husband arrived at the high school at approximately 7:00 p.m. It was not raining at this time. Joan's husband drove their vehicle into the parking lot and *Page 3 
parked. Joan and her husband then followed the signs to the stadium, which led them through a path into the stadium.
 {¶ 5} Approximately five minutes before the football game ended, it started to rain. Accordingly, Joan and various family members left the stadium. While leaving the stadium, Joan followed a path until she reached a fence located near the ticket office. She then left the stadium through an opening in the fence, using the same route that she entered earlier. After exiting the stadium, Joan turned right off the gravel path, fell into a hole, and injured her foot. There is dispute as to the exact location of her fall.
 {¶ 6} Appellants Joan and Ellis Lewin filed a complaint in Cuyahoga County Common Pleas Court on September 16, 2004. Seuffert filed an answer to appellants' complaint on October 21, 2004. Lutheran West filed its answer, which included a cross-claim against Seuffert, on November 9, 2004. On January 7, 2005, Seuffert filed an answer, which was amended on August 12, 2005, to Lutheran West's cross-claim.
 {¶ 7} Seuffert filed a motion for summary judgment on December 20, 2005. Lutheran West filed its own motion for summary judgment on January 31, 2006. On March 7, 2006, appellants filed briefs in opposition to appellees' motions for summary judgment. Seuffert and Lutheran West filed reply briefs in support of their pending motions on March 30, 2006 and April 4, 2006, respectively. *Page 4 
 {¶ 8} The trial court granted summary judgment in favor of both appellees in journal entries dated July 24, 2006. On August 22, 2006, appellants filed a notice of appeal of the trial court's decision with this court.
 II. {¶ 9} First assignment of error: "The trial court erred by granting summary judgment to appellee Cleveland Lutheran High School because the evidence submitted, especially when viewed in a light most favorable to appellants, demonstrates that the issue of negligence is in genuine dispute and should be submitted to the triers of fact for resolution."
 {¶ 10} Second assignment of error: "The trial court erred by granting summary judgment to appellee Seuffert Construction Company because the evidence submitted, especially when viewed in a light most favorable to appellants, demonstrates that the issues presented are in genuine dispute and should be submitted to the triers of fact for resolution."
 III. {¶ 11} Because of the substantial interrelation between appellants' first and second assignments of error, we shall address them together below.
 {¶ 12} We review a lower court's granting of summary judgment de novo. Pursuant to Civ.R. 56(C), summary judgment is proper when: 1) no genuine issue of material fact remains to be litigated; 2) the moving party is entitled to judgment as a *Page 5 
matter of law; and 3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party. SeeTemple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.
 {¶ 13} In order to efficiently discuss appellants' two assignments of error, a brief overview of premises liability law is required. In premises liability law, an invitee is one who enters another's land by invitation for a purpose that is beneficial to the owner. Gladon v.Greater Cleveland RTA, 75 Ohio St.3d 312, 315, 1996-Ohio-137,662 N.E.2d 287. A property owner owes an invitee a duty of ordinary care to maintain the premises in a reasonably safe condition and to warn of hidden defects. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 18 Ohio B. 267, 480 N.E.2d 474.
 {¶ 14} As expected, in the case at bar there is some dispute as to who owns, and is responsible for, the gravel and dirt area where Joan said she fell. Lutheran West, correctly known as Cleveland Lutheran High School Association, states that the property where Joan alleges she was injured is not owned, created, maintained, or controlled in any way by the Cleveland Lutheran High School Association. Reverend Dr. David D. Buegler stated in a sworn affidavit that the area in question was not owned, possessed, or controlled by the Cleveland Lutheran High School *Page 6 
Association.[1] As expected, appellants argue that both appellees, Lutheran West and Seuffert, are indeed responsible.
 {¶ 15} There is a dispute as to the exact cause and circumstances of Joan's injury. Therefore, we find it prudent in this case to examine the cause of Joan's fall before addressing any property ownership issues. To prevail on a negligence theory in a slip and fall case, the plaintiff must be able to identify the reason for the fall. See Cleveland AthleticAssn. Co. v. Bending (1934), 129 Ohio St. 152, 194 N.E. 6. "As such, a plaintiff will be prevented from establishing negligence when he, either personally or with the use of outside witnesses, is unable to identify what caused the fall. In other words, a plaintiff must know what caused him to slip and fall. A plaintiff cannot speculate as to what caused the fall. However, while a plaintiff must identify the cause of the fall,he does not have to know, for example, the oily substance on the groundis motor oil. Instead, it is sufficient that the plaintiff knows theoily substance is what caused his fall." (Emphasis added.) Beck v.Camden Place at Tuttle Crossing, Franklin App. No. 02AP-1370,2004-Ohio-2989. (Internal citations omitted.)
 {¶ 16} In the instant case, Joan established the following regarding her fall:
 "Q. Can you tell me specifically on that photo where you fell?
 A. No. * * * *Page 7 
 * * *
 Q. Could that have been the area where you fell that night?
 A. I can't honestly tell you exactly where, but it was in the area once we left the stadium. I know it was near the dumpster * * *"
(Emphasis added.)
 {¶ 17} Joan is not speculating as to what caused her fall; she knows that she fell in a hole by the dumpster. The evidence in the case at bar demonstrates that Joan knew that she fell near the dumpster. Joan knew when she fell, how she fell, and she knew that it was near the dumpster. However, there is dispute as to exactly how she fell. There is a genuine issue of material fact remaining, and it appears from such evidence that reasonable minds can come to more than one conclusion.
We find that the evidence demonstrates that a genuine issue of material fact remains to be litigated, and appellees are not entitled to judgment as a matter of law.
 {¶ 18} Accordingly, appellants' first and second assignments of error are sustained.
 {¶ 19} Judgment reversed and cause remanded to the lower court for proceedings consistent with this opinion.
It is ordered that appellants recover from appellees costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P. J., CONCURS; COLLEEN CONWAY COONEY, J., DISSENTS WITH SEPARATE OPINION
[1] Buegler's affidavit.