[Cite as *Anderson v. Jancoa*, 2019-Ohio-3617.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| DAVID ANDERSON, | : | CASE NO. CA2019-01-018 |
| Appellant, | : | O P I N I O N<br>9/9/2019 |
| | : | |
| - vs - | : | |
| | : | |
| JANCOA JANITORIAL SERVICES, et al., | : | |
| Appellees. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2018-04-0923

Levy Law Offices, Stuart W. Penrose, 114 E. 8th Street, Suite 400, Cincinnati, Ohio 45202, for appellant

Bruce D. Knabe, 6200 South Gilmore Road, P.O. Box 145496, Fairfield, Ohio 45014, for appellee, Jancoa Janitorial Services

Regan B. Tirone, 600 Vine Street, Suite 412, Cincinnati, Ohio 45202, for appellee, Suburban Cincinnati Office Portfolio, LLC

**M. POWELL, J.**

{¶ 1} David Anderson appeals the decision of the Butler County Court of Common

Pleas, which granted summary judgment to appellees, Jancoa Janitorial Services and

Suburban Cincinnati Office Portfolio, LLC.[1]  For the reasons described below, this court affirms the trial court's decision.

{¶ 2}   This is a slip and fall negligence action.  On March 22, 2017, Anderson had a business meeting with Devin Connors at an office building in West Chester, Ohio.  The office building is owned by Suburban.  Jancoa provides janitorial service for the building.  Prior to the meeting, Anderson used the lobby restroom.  He used a urinal and washed his hands.  As he was preparing to leave the restroom he slipped on "something," fell backwards on to the floor, and struck his head upon something.

{¶ 3}   Anderson was able to get up off the floor.  He felt a wet substance on the back of his sport coat and proceeded to try to wipe the substance off.  He then went to the business meeting.  Approximately 15 minutes into the meeting, Connors noticed that Anderson was uncomfortable and asked him if he was okay.  Connors also asked what was on his sport coat.  Anderson told Connors about the fall.  Connors contacted someone to clean the restroom.  Shortly thereafter, Anderson left the meeting and sought emergency treatment for neck and shoulder pain.

{¶ 4}   In April 2018, Anderson filed suit asserting claims of negligence against appellees for allowing a hazard to exist in the restroom, which they knew of or should have known about.  Appellees deposed Anderson in July 2018.  In August 2018, the court issued its scheduling order.  The court set a discovery cut-off date for August 2019 and a trial date for October 2019.

{¶ 5}   In October 2018, Jancoa filed Anderson's deposition and moved for summary judgment, arguing that Anderson's deposition testimony established the absence of genuine facts for trial.  Specifically, Jancoa argued that Anderson had no evidence

---

1. Pursuant to Loc.R. 6(A), we sua sponte removed this appeal from the accelerated calendar.

indicating that appellees created or had actual or constructive notice of the alleged hazard in the restroom and also that Anderson could not identify what caused him to fall in the restroom.

{¶ 6} Prior to the expiration of the 14 days in which Anderson was obligated to file a response to Jancoa's motion, he filed a jointly agreed motion to extend his response time to December 26, 2018. Thus, Anderson sought a total of 60 days to respond. According to Anderson's motion, an extension was necessary due to multiple attorneys having unexpectedly left Anderson's counsel's office and because his counsel's "principal" attorney was out of the office for bereavement leave.

{¶ 7} A few days later, Suburban filed its motion for summary judgment, essentially reiterating the arguments set forth in Jancoa's motion. Anderson then jointly moved to extend the deadline to respond to Suburban's motion to the same date and for the same reasons he sought an extension with respect to Jancoa's motion.

{¶ 8} The court granted Anderson's requested extensions of time, directing him to file opposing memoranda on or before December 26, 2018. On December 17, 2018, Anderson filed two, substantively identical memoranda opposing summary judgment. Both contained one paragraph of argument and asked the court to deny appellees' motions because

> not enough facts have developed through discovery to establish that there are no genuine issues of material fact. The discovery process is ongoing, with a cut-off date on August 18, [2019]. Plaintiff is scheduled to take the deposition of two key witnesses in this case on January 19, 2019. One of the witnesses was responsible for cleaning the area where the incident occurred. The other witness was responsible for supervising the cleaning staff at the building where the incident occurred. Plaintiff anticipates that a more thorough response to Defendant's motion will be made following the depositions of these witnesses.

{¶ 9} Anderson did not attach affidavits or other evidentiary materials and did not

make any substantive argument addressing the merits of appellees' summary judgment motions. In replying to Anderson's memoranda, appellees argued that Anderson had failed in his burden to submit contrary summary judgment evidence and that they were therefore entitled to judgment as a matter of law.

{¶ 10} The court found that appellees were entitled to summary judgment based on the record before it. The court found that Anderson could not establish that appellees were negligent because he was not able to identify what caused him to fall and he could not demonstrate that appellees had caused the hazard or had any actual or constructive knowledge of the alleged hazard in the restroom. Anderson appeals, raising one assignment of error.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTIONS FOR SUMMARY JUDGMENT.

{¶ 13} Anderson argues the court erred in concluding that he was required to identify the substance that caused him to fall. Citing Civ.R. 56(F), Anderson further argues that the court erred in proceeding to rule upon the motions for summary judgment while the discovery cut-off date remained pending and before he had deposed certain witnesses concerning the issue of appellees' actual or constructive knowledge of the hazard. Appellees contend that Anderson never invoked or moved for relief pursuant to Civ.R. 56(F) and therefore has waived that argument on appeal.

{¶ 14} This court will first address Anderson's argument that the trial court erred in granting summary judgment before he could complete necessary discovery. Where a party moves for summary judgment and the nonmoving party argues that discovery is incomplete or a ruling would be premature, this court reviews the trial court's decision to decide the motion for an abuse of discretion. *Schuerger v. Wehner*, 8th Dist. Cuyahoga No. 72477,

- 4 -

1998 Ohio App. LEXIS 2886, *10-13 (June 25, 1998); *Wellendorf v. Chauffeurs, Teamsters, etc., Local Union No. 377*, 7th Dist. Mahoning No. 87 C.A. 37, 1988 Ohio App. LEXIS 2166, *18-20 (July 7, 1998); *Levine v. Levine*, 10th Dist. No. 82AP-200, 1982 Ohio App. LEXIS 15002, *3-5 (July 13, 1982); *see St. Paul Fire & Marine Ins. Co. v. Corwin*, 6th Dist. Wood No. WD-00-058, 2001 Ohio App. LEXIS 2223, *5-7 (May 18, 2001).

{¶ 15} Relying upon Civ.R. 56(F), Anderson argues that the trial court's grant of summary judgment was premature. That rule provides

> **When affidavits unavailable.** Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

{¶ 16} "Civ.R. 56(F) thus affords a party a mechanism to seek deferral of action on a motion for summary judgment so that it may obtain affidavits opposing the motion or conduct discovery relevant to it." *Crane Serv. & Inspections, L.L.C. v. Cincinnati Specialty Underwriters Ins. Co.*, 12th Dist. Butler No. CA2018-01-003, 2018-Ohio-3622, ¶ 27, citing *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 18 (12th Dist.). Civ.R. 56(F) requires that a motion for a continuance under the rule be supported by an affidavit or affidavits addressing "sufficient reasons" why affidavits cannot be presented to justify opposition to the motion for summary judgment. *Evans v. Sayers*, 4th Dist. Ross No. 04CA2783, 2005-Ohio-2135, ¶ 18.

{¶ 17} In opposing summary judgment, Anderson submitted a one-paragraph argument stating that discovery was ongoing and indicated that he had scheduled certain depositions in January 2019. He did not ask the court to continue summary judgment proceedings or hold its decision in abeyance until after those depositions were taken. Instead, he asked the court to deny appellees' motions, which were fully briefed, properly

supported by summary judgment evidence, and ripe for review. He did not cite to Civ.R. 56(F) or file any affidavits indicating why he was unable to oppose the motions for summary judgment with affidavits or addressing any other aspect of the motions.

{¶ 18} Moreover, by the time Anderson's responses to the motions for summary judgment were due, his complaint had been pending for eight months. Appellees were able to take Anderson's deposition in July 2018.[2] Anderson has offered no explanation as to why he was unable to depose appellees' witnesses or obtain other necessary forms of discovery prior to the time for his response to the motions for summary judgment.[3] Notably in this regard, Anderson's motions for extensions of time to respond did not indicate that additional discovery was necessary to prepare his responses or that there had been some difficulty in obtaining discovery affidavits or scheduling depositions.

{¶ 19} Anderson argues that his two planned depositions were scheduled more than six months before the discovery cut-off date pursuant to the court's pretrial order and thus the court's decision to decide the motions was premature. However, the pretrial order did not prevent appellees from moving for summary judgment. Nor did the order circumscribe the court's authority to decide the motions for summary judgment. A trial court has the inherent power to control and manage its docket, including broad discretion with respect to discovery issues. *Evans*, 2005-Ohio-2135 at ¶ 19; *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 57 (1973).

{¶ 20} The circumstances confronting the trial court in this case are unlike those in *Crane Serv.*, 2018-Ohio-3622, and *Tucker v. Webb Corp.*, 4 Ohio St.3d 121, (1983), cited

---

2. Jancoa had twice filed notices for Anderson's deposition in June 2018, but those dates were later rescheduled to the July deposition date.

3. Suburban's reply brief in support of summary judgment asserted that counsel for Jancoa had proposed several deposition dates but Anderson's counsel had insisted on taking all depositions in 2019.

by our dissenting colleague. In *Crane Serv.*, the appellant specifically sought Civ.R. 56(F) relief in responding to a motion for summary judgment under circumstances where the trial court imposed a stay on discovery throughout the pendency of the case. *Id.* at ¶ 32. In *Tucker*, the Ohio Supreme Court noted that the trial court had "allotted insufficient time to discover the essential facts* * *." *Id.* at 122. In contrast, Anderson was free to conduct discovery throughout the pendency of the case, did not claim that he was allotted insufficient time to do so, was granted an extension of time to respond to the motions for summary judgment to the date certain he had requested and failed to avail himself of the procedure established by the civil rules to obtain additional time to conduct necessary discovery. "If facts necessary to support the allegations of a hazard or defective condition were not available to [the plaintiffs], they could have availed themselves of the procedure afforded by Civ. R. 56(F), in order to obtain necessary discovery." *Benjamin v. Deffet Rentals, Inc.*, 66 Ohio St.2d 86, 92 (1981).

{¶ 21} The trial court, having presided over the matter and having direct dealings with the parties, was in a much better position than this court to assess Anderson's diligence and vigor in pursuing his claims. Based upon the circumstances described above, the trial court had a reasonable basis upon which to proceed to consider appellees' motions for summary judgment and this court will not substitute our judgment for that of the trial court. In sum, the trial court did not abuse its discretion by proceeding to rule upon appellees' motions.

{¶ 22} We turn now to the merits of the motions for summary judgment. An appellate court reviews a trial court's decision on a motion for summary judgment de novo, independently and without deference to the decision of the trial court. *Flagstar Bank, FSB v. Sellers*, 12th Dist. Butler No. CA2009-11-287, 2010-Ohio-3951, ¶ 7. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, written admissions,

affidavits, transcripts of evidence, and written stipulations of fact, if any, show that (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 23} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Once this burden is met, the nonmoving party may not rest upon the mere allegations or denials of the pleadings but must supply evidentiary materials setting forth specific facts showing there is a genuine issue of material fact for trial. *Puhl v. U.S. Bank, N.A.*, 12th Dist. Butler No. CA2014-08-171, 2015-Ohio-2083, ¶ 13. Summary judgment is proper if the nonmoving party fails to set forth such facts. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Palmer v. Mossbarger*, 12th Dist. Madison No. CA2014-04-011, 2015-Ohio-231, ¶ 13.

{¶ 24} In a negligence action, the plaintiff must show (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the duty of care, and (3) as a direct and proximate result of defendant's breach, plaintiff was injured. *Forste v. Oakview Constr., Inc.*, 12th Dist. Warren No. CA2009-05-054, 2009-Ohio-5516, ¶ 9.

{¶ 25} Appellees do not dispute that Anderson was a business invitee and that they owed him the duty of care owed to a business invitee by the owner or occupier of a business.[4] That is, the owner or occupier of a business owes a duty of ordinary care to maintain the premises in a reasonably safe condition, so as to not expose business invitees

---

4. For purposes of this appeal, this court presumes that both Suburban, as the premises owner, and Jancoa, as the entity contracted to maintain the restroom, owed Anderson the same duty of care.

- 8 -

to unreasonable or unnecessary dangers. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203 (1985). However, a business owner or occupier is not the insurer of their invitees' safety. *Id.* The business owner has no duty to warn of open and obvious hazards. *Roberts v. United Dairy Farmers, Inc.*, 12th Dist. Butler No. CA2014-03-066, 2014-Ohio-3881, ¶ 9. But the business owner does have a duty to warn invitees of latent or concealed dangers the owner knows of, or has reason to know of, that invitees would not expect to discover or protect against. *Baker v. Meijer Stores Ltd. Partnership*, 12th Dist. Warren No. CA2008-11-136, 2009-Ohio-4681, ¶ 27.

{¶ 26} "To establish negligence in a slip and fall case, it is incumbent upon the plaintiff to identify or explain the reason for the fall." *Stamper v. Middletown Hosp. Assn.*, 65 Ohio App.3d 65, 67-68 (12th Dist.1989), citing *Cleveland Athletic Assn. Co. v. Bending*, 129 Ohio St. 152 (1934). "Where the plaintiff, either personally or by outside witnesses, cannot identify what caused the fall, a finding of negligence on the part of the defendant is precluded." *Id.* at 68.

{¶ 27} In addition, a plaintiff in a slip and fall case must introduce evidence demonstrating one of the following: (1) the defendant was responsible for placing or creating the hazard, (2) the defendant had actual notice of the hazard and failed to give the plaintiff adequate notice of its presence or remove it promptly, or (3) that the hazard had existed for a sufficient length of time as to warrant the imposition of constructive notice, i.e., the hazard should have been found by the defendant. *Baker* at ¶ 30.

{¶ 28} Anderson's deposition revealed that on March 22, 2017, he had a business meeting scheduled for 12:30 p.m. with Connors in Suburban's office building. He was wearing slacks, a shirt, a sport coat, and slip-on dress shoes.

{¶ 29} Anderson arrived at the office building 15 minutes early. He checked in at the lobby and then decided to use the restroom attached to the lobby.

{¶ 30} He did not notice anything on the restroom floor but also stated that he did not look. He used the urinal and then walked to a sink. He washed his hands with soap. He checked his hair and teeth in the mirror. He was not sure but he may have dried his hands with paper towels.

{¶ 31} He turned to his right to leave the restroom. While in this motion, his right foot slipped forward on something, he was not sure what. He fell backwards. He was able to extend his arms behind him to brace for the fall. However, he hit the back of his head hard on something. He believed he may have hit the restroom sink counter. He hit hard but was not sure if he lost consciousness.

{¶ 32} He was able to break his fall with his arms and then stand up on his own. He wiped something off the back of his sport jacket by using his hands. He did this without removing the jacket, by reaching behind with both hands. The substance was wet. He apparently did not check to see what it was and did not know if it was clear. It did not feel to him like water, it was "something else;" there was something "with it." He did not smell it. He did not wash his hands after wiping his coat.

{¶ 33} He did not check to see upon what his foot had slipped. However, he stated that there was something on the floor. He could not describe how small or large the substance was on which he had slipped. He admitted he had no knowledge of how the substance was on the floor, who put the substance there, or how long it had been there.

{¶ 34} He then went to the meeting with Connors. Approximately 10 to 15 minutes into the meeting, Connors noticed that Anderson was "rattled" and "out of sorts." Connors observed the back of his jacket and asked him "what's all over your jacket" and is "everything okay?" Anderson told Connors about the fall in the restroom. Connors contacted an individual who dealt with office maintenance to have the restroom cleaned. Anderson was unaware if the restroom was subsequently cleaned. They continued the

meeting for another 15 minutes until Anderson's discomfort caused him to terminate the meeting early.

{¶ 35} Construing this evidence in Anderson's favor, this court concludes that the summary judgment evidence was sufficient to create a triable issue as to whether Anderson slipped and fell on a wet substance on the floor of the restroom. He never looked for the substance and as such could not specifically identify it, but he testified that there was something on the floor. Moreover, he felt a wet substance that was not water on the back of his coat, which he first felt after falling. A reasonable inference – again, when viewing the evidence in Anderson's favor – is that the wet substance on Anderson's coat transferred from the floor to the coat and was the substance that cause the slip. Additionally, Anderson testified that a second individual observed this substance and inquired about it.

{¶ 36} Appellees' argument before the trial court and on appeal seemingly implies that Anderson was required to specifically identify what substance caused his fall. For that proposition, appellees cite a case from the Eighth District Court of Appeals. *Lewin v. Lutheran W. High School*, 8th Dist. Cuyahoga No. 88635, 2007-Ohio-4041. *Lewin,* in fact, supports a contrary argument. The court said:

> To prevail on a negligence theory in a slip and fall case, the plaintiff must be able to identify the reason for the fall. "As such, a plaintiff will be prevented from establishing negligence when he, either personally or with the use of outside witnesses, is unable to identify what caused the fall. In other words, a plaintiff must know what caused him to slip and fall. A plaintiff cannot speculate as to what caused the fall. However, while a plaintiff must identify the cause of the fall, *he does not have to know, for example, the oily substance on the ground is motor oil. Instead, it is sufficient that the plaintiff knows the oily substance is what caused his fall.*"

*Id*. at ¶ 15, quoting *Beck v. Camden Place at Tuttle Crossing*, 10th Dist. Franklin No. 02AP-1370, 2004-Ohio-2989. (Emphasis sic.) (Internal citations omitted.). Likewise, Anderson did not speculate as to what caused his fall. His testimony was sufficient to establish that

- 11 -

a wet substance on the floor caused the fall.

{¶ 37} However, even if there was enough evidence to identify the cause of the fall, there was no summary judgment evidence submitted via Anderson's deposition indicating that either Suburban or Jancoa caused the hazard or had actual knowledge of the hazard. In addition, Anderson's inability to provide any detail as to the nature of the substance prevents any inference that would impose constructive knowledge on either Suburban or Jancoa. Consequently, this court concludes that the grant of summary judgment was proper.

{¶ 38} For the reasons stated, this court overrules Anderson's assignment of error.

{¶ 39} Judgment affirmed.

S. POWELL, P.J., concurs.

PIPER, J., dissents.


**PIPER, J., dissenting.**

{¶ 40} As an open-court society, it is a fundamental tenet of Ohio jurisprudence that cases should be decided on their merits. *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3 (1983); *State ex rel. Owens v. Brunner*, 125 Ohio St.3d 130, 2010-Ohio-1374, ¶ 23; *see also* Section 1, Article I of the Ohio Constitution (wherein courts shall be open and provide a remedy by due course of law). Unquestionably, where facts potentially lie in controversy, summary judgment is not the preferred avenue to a final judgment. Therefore, I must respectfully dissent with the opinion of my colleagues.

{¶ 41} This court recently acknowledged, "an appellate court will reverse the decision of a trial court that extinguishes a party's right to discovery if the trial court's decision is improvident and affects the discovering party's substantial rights." *Crane Serv. & Inspections, LLC v. Cincinnati Specialty Underwriters Ins. Co.*, 12th Dist. Butler No.

CA2018-01-003, 2018-Ohio-3622, ¶ 28, quoting *Mauzy v. Kelly Services, Inc.*, 75 Ohio St.3d 578, 592 (1996). We noted that granting summary judgment without permitting adequate discovery can be premature, and that in governing discovery, courts should permit a nonmoving party the opportunity to develop information needed to rebut the moving party. We followed the Ohio Supreme Court in emphasizing that the opportunity to develop supporting facts is crucial since "a trial court cannot weigh evidence most strongly in favor of one opposing a motion for summary judgment where there is a dearth of evidence available in the first place." *Crane Serv.* at ¶ 34, quoting *Tucker v. Webb Corp.*, 4 Ohio St.3d 121, 123 (1983).[5]

**Preliminary Inquiry – The Need for Discovery**

{¶ 42} In *Tucker*, the Ohio Supreme Court held that the "preliminary inquiry" in reviewing a grant of summary judgment is whether the trial court had sufficient evidence before it to make a "just and proper decision." 4 Ohio St.3d at 122. The appellant in *Tucker* was opposing a summary judgment motion and argued that the defendant's motion had been filed prior to the institution of substantial discovery. *Id.* Nonetheless, the lower court granted the summary judgment motion, which decision was affirmed on appeal. *Id.* at 121.

{¶ 43} The Ohio Supreme Court reversed, concluding that summary judgment was misapplied when there is a need for relevant discovery. The court further held appellant should have been given the time necessary to conduct depositions concerning certain transactions that were central to the case. *Id.* at 123. The court was aware appellant had not availed himself the use of Civ.R. 56(F), yet concluded that the appellant had, "in effect," asked the trial court to allow more discovery to take place. *Id.* at 121-122. These facts are

---

5. The focus on the relevancy of *Crane Services* as being important for the procedural requirements of Civ.R. 56(F) is misplaced, and the focus is better placed upon the necessity for facts pivotal for disposing of a case on the merits of summary judgment.

on point with the facts currently before us, and so too is the Ohio Supreme Court's rationale.[6]

**Absence of Depositions Already Scheduled**

{¶ 44} Similar to the facts in *Tucker*, without Anderson conducting the scheduled depositions, he was left without factual information to support his opposition to summary judgment. The trial court lacked sufficient evidence to make a "just and proper" decision with regard to Anderson's negligence claim. The only evidence before the court was Anderson's deposition testimony. However, in a slip and fall action such as the one currently before us, it would not be reasonable to presume that the plaintiff would have evidence relevant to whether the premise's owner, or those responsible for maintenance, created the hazard or had knowledge of the hazard's existence. Thus, Anderson had a relevant and reasonable need to conduct the depositions already scheduled.[7]

{¶ 45} It is evident that Anderson's depositions were aimed at eliciting information relevant to potential duties owed to Anderson as well as information pertaining to the cause of his fall and any knowledge, whether constructive or actual, appellees possessed regarding the hazard. Without such, the trial court had a dearth of evidence upon which to consider in favor of Anderson as the nonmoving party opposing appellees' motions for summary judgment.

{¶ 46} Anderson's deposition was taken by appellees on July 18, 2018. After being transcribed and circulated, appellees expeditiously filed motions for summary judgment on October 29, 2018. Anderson responded to appellees' motions on December 17, 2018 with brief memoranda informing the trial court he had relevant depositions scheduled for January

---

6. Presumably, the majority finds *Tucker's* rationale unpersuasive because the appellant therein, as in this case, did not mention Civ.R. 56(F).

7. As the majority points out, almost immediately after the fall maintenance was sent to clean up the restroom.

19, 2019. On January 11, 2019, *only eight days* prior to the depositions taking place, the trial court granted appellees' motions for summary judgment. Neither the dispositive motion deadline of June 20, 2019, nor the discovery cut-off date of August 18, 2019, had transpired.

{¶ 47} In effect, both deadlines were abruptly accelerated to Anderson's substantial prejudice. My objection to what occurred here is additionally premised upon the trial court's issuance of a scheduling order that provided for a discovery period lasting until mid-August, and a dispositive motion deadline that would not have expired until mid-June 2019. Anderson's depositions were scheduled to take place well before those cut-off dates, being scheduled in January 2019. In other words, by the court's own orders, Anderson reasonably believed he had ample time to conduct the depositions already scheduled with opposing counsel in order to use them in opposing summary judgement. Anderson represented to the trial court in his memoranda that the depositions were of persons likely to have evidence relevant toward supporting his claims.

{¶ 48} The trial court's summary judgment, in essence, accelerated the discovery cut-off date without notice or opportunity for Anderson to develop potentially crucial information. The existence of that information, or lack thereof, after said depositions would have been taken, is pivotal to a fair resolution of summary judgment – one that the Supreme Court said should be "just and proper." The trial court's decision to extinguish Anderson's opportunity to take the depositions already scheduled is improvident and undoubtedly affects Anderson's substantial rights. *Crane Serv.*, 2018-Ohio-3622.

### Substance Over Form – Not Vice Versa

{¶ 49} For the majority to suggest that this case hinges upon the filing of an affidavit in which Anderson would essentially reiterate what he states in his memoranda elevates procedure and form over substance and fairness. The procedural requirements of Civ.R 56(F) were not designed to force the acceleration of existing discovery cut-off dates. Nor

were the procedural requirements of Civ. R 56(F) meant to encourage trial courts to abbreviate summary judgment proceedings.

{¶ 50} To support the trial court's summary judgment, the majority overlooks the significance of Anderson's memoranda. The majority faults Anderson because he "did not claim he was allotted insufficient time." Such a narrow interpretation of the meaning of Anderson's memoranda is an additional example of giving priority to form over substance. Accelerating previously established discovery cut-off dates resulting in the exclusion of testimony can be "too harsh" requiring reversal. *Billman v. Hirth*, 115 Ohio App.3d 615, 621 (10th Dist.1996).

{¶ 51} Much like the case before us, denying a party the opportunity for discovery needed for summary judgment rebuttal has been considered reversable error when the party had depositions scheduled to take place before the discovery cut-off date and these depositions were relevant to opposing summary judgment. *Fiske v. Rooney*, 126 Ohio App.3d 649 (4th Dist.1998). Trial courts must facilitate discovery where the need is relevant, and the parties are acting within previously-established deadline dates.

{¶ 52} Today's result penalizes Anderson because he did not make specific reference to Civ.R. 56(F) when attempting to delay summary judgment. Yet, it is clear Anderson was requesting an opportunity to conduct the scheduled depositions. Only recently, we have re-emphasized a trial court may sua sponte convert a pleading to achieve the purpose necessary as the circumstances dictate. *Estate of Welch v. Taylor*, 12th Dist. Clinton No. CA2017-11-021, 2018-Ohio-4558, ¶ 10. Anderson's memoranda filed December 17, 2018, were nothing more than a notice to the trial court that Anderson was not able to meaningfully respond to summary judgment without taking the two depositions

scheduled.[8] Anderson's pleading was "in effect" a request for a stay of summary judgment proceedings. *Tucker*, 4 Ohio St.3d at 121-122.

**Conclusion**

{¶ 53} The absence of a "preliminary inquiry," resulted in Anderson being unable to illuminate the facts necessary to oppose summary judgment. The denial of Anderson's request for a stay of summary judgment proceedings prohibited discovery from being completed. The trial court's action was erroneously premature. For these reasons, I respectfully dissent and would reverse the trial court's decision granting appellees' summary judgment so that previously scheduled depositions can take place. A "just and proper" summary judgment is more likely when dealing with the factual merits, not the procedural requirements of Civ.R. 56(F).

---

8. The majority finds support for the trial court's expedited summary judgment because, "Anderson was free to conduct discovery throughout the pendency of the case." Yet, pursuant to the trial court's previous orders, the discovery deadline and the depositional deadline were still pending. The trial court only had to wait eight days for Anderson to conduct the depositions he sought as necessary to oppose summary judgment – "the pendency of the case" was dramatically shortened to Anderson's substantial prejudice, a result similar to what the Ohio Supreme Court disapproved of in *Tucker.*