[Cite as *Cash v. Love Nails & Spa, L.L.C.*, 2022-Ohio-1143.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| RENEE CASH, | : | |
| Appellant, | : | CASE NO. CA2021-10-130 |
| | : | O P I N I O N |
| - vs - | | 4/4/2022 |
| | : | |
| LOVE NAILS & SPA, LLC, et al., | : | |
| Appellee. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2020 03 0615

Wright & Schulte, LLC, and Robert L. Gresham and Michael L. Wright, for appellant.

Marshall Dennehey Warner Coleman & Goggin, and David E. Williamson and Donielle S. Robinson, for appellee, Love Nails & Spa, LLC.

**S. POWELL, J.**

{¶ 1} Appellant, Renee Cash, appeals the decision of the Butler County Court of Common Pleas granting summary judgment to appellee, Love Nails & Spa, LLC ("LNS"), in this case arising from a slip and fall accident that occurred at the local LNS nail salon. For the reasons outlined below, we affirm the trial court's decision.

{¶ 2} On March 20, 2020, Cash filed a complaint against LNS seeking to recover for injuries she sustained to her left knee on the cold, rainy afternoon of January 23, 2019 when she slipped and fell on an "untreated, wet area" inside the LNS nail salon located in West Chester, Butler County, Ohio. LNS filed an answer to Cash's complaint generally denying Cash's allegations.

{¶ 3} On January 26, 2021, LNS took Cash's deposition. As part of her deposition, Cash testified that she did not know what the "wet" substance was that she slipped and fell on while inside the LNS nail salon, what caused the floor inside the LNS nail salon to be wet, how the floor inside the LNS nail salon where she fell got wet, and if anybody from LNS had caused the floor where she slipped and fell to be wet. Cash also testified that she did not know if anybody from LNS knew the floor where she slipped and fell was wet before she fell, if anybody told LNS about the floor being wet prior to her fall, and if anybody had complained to LNS about the floor being wet before she fell. Cash further testified that she did not know how long the floor inside the LNS nail salon had been wet prior to her fall.

{¶ 4} On April 7, 2021, Cash took the deposition of Kim Lien Vu, the owner of LNS. As part of her deposition, Vu testified that "we must clean, sweep, mop the salon nightly," but that "everybody check the floor for any hazardous item" throughout the day and "[t]hey must clean it up and take the action right away." Vu also testified that during LNS' business hours that "[e]verybody must check * * * on any time, yeah." Vu further testified that for manicures that "we just get a little bowl out and little water" so "it should not spill. Like little bowl." Vu then testified that when the manicure is over that "we'll take it back to the sink and pour it out." Thereafter, when asked what LNS' practice was if somebody discovers something "wet" on the floor, or that there has been a spill, Vu testified in accordance with LNS policy, "[a]nyone see it, they must do it * * * [i]mmediately."

{¶ 5} On April 28, 2021, LNS filed a motion for summary judgment. In support of

its motion, LNS argued that it was entitled to summary judgment in its favor because Cash could not identify the hazard that caused her to fall. LNS also argued that, even if Cash could identify the hazard that caused her fall, Cash failed to produce any evidence indicating LNS created the hazard. LNS further argued that it was entitled to summary judgment because Cash failed to produce any evidence that it had actual or constructive notice of the hazard that caused Cash to slip and fall.

{¶ 6} On September 27, 2021, the trial court granted LNS' motion for summary judgment. In so holding, the trial court determined that although "[a] genuine issue exists for trial as to Cash's ability to identity or explain the reason for her fall" given her deposition testimony that she slipped and fell on a wet area inside the LNS nail salon, granting summary judgment to LNS was nevertheless proper. This is because, as stated by the trial court, the record was devoid of any evidence that LNS "created the hazard" that caused Cash to slip and fall. The trial court also found granting summary judgment to LNS was proper because there was "no evidence regarding how long the floor was wet," and because there was "no evidence that [LNS] knew or should have known the floor was wet and failed to clean it up." "Thus," the trial court stated, "the only conclusion reasonable minds could reach is that [LNS] did not have actual or constructive knowledge of the hazard."

{¶ 7} Cash now appeals the trial court's decision granting LNS' motion for summary judgment, raising the following single assignment of error for review.

{¶ 8} THE LOWER COURT ERRED WHEN IT FAILED TO FIND A QUESTION OF FACT WAS RAISED AS TO WHETHER DEFENDANT HAD ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF THE HAZARD CAUSING RENEE CASH TO SLIP[,] FALL[,] AND INJURE HERSELF.

{¶ 9} Cash argues the trial court erred by granting summary judgment to LNS because a genuine issue of material fact exists as to whether LNS had actual or constructive

knowledge of the hazard that caused her to slip and fall to the floor. We disagree.

{¶ 10} "'To establish negligence in a slip and fall case,'" such as the case here, "'it is incumbent upon the plaintiff to identify or explain the reason for the fall.'" *Matthews v. Tex. Roadhouse Mgmt. Corp.*, 12th Dist. Butler No. CA2020-03-037, 2020-Ohio-5229, ¶ 8, quoting *Stamper v. Middletown Hosp. Assn.*, 65 Ohio App.3d 65, 67-68 (12th Dist.1989). "[I]t is also incumbent upon the plaintiff in a slip and fall case to introduce evidence demonstrating that: '(1) the defendant was responsible for placing or creating the hazard, (2) the defendant had actual notice of the hazard and failed to give the plaintiff adequate notice of its presence or remove it promptly, or (3) that the hazard had existed for a sufficient length of time as to warrant the imposition of constructive notice, i.e., the hazard should have been found by the defendant.'" *Spitzer v. Frisch's Restaurants, Inc.*, 12th Butler No. CA2020-12-128, 2021-Ohio-1913, ¶ 9, quoting *Anderson v. Jancoa Janitorial Servs.*, 12th Dist. Butler No. CA2019-01-018, 2019-Ohio-3617, ¶ 27, citing *Baker v. Meijer Stores L.P.*, 12th Dist. Warren No. CA2008-11-136, 2009-Ohio-4681, ¶ 27.

{¶ 11} In this case, just as the trial court found, the record is devoid of any evidence that LNS created the hazard that caused Cash to slip and fall inside the LNS nail salon on the day in question, January 23, 2019. The record is also devoid of any evidence regarding how long the floor of the LNS nail salon where Cash fell may have been wet. The record is further devoid of any evidence that LNS knew or should have known that the floor inside the LNS nail salon was wet and failed to clean it up. Therefore, even when assuming the trial court correctly determined that "[a] genuine issue exists for trial as to Cash's ability to identity or explain the reason for her fall," because Cash failed to provide any evidence as it relates to the other three elements necessary to establish negligence in a slip and fall case, a finding of negligence on the part of LNS cannot be had. Accordingly, finding no merit to any of Cash's claims raised herein, Cash's single assignment of error lacks merit

and is overruled.

**{¶ 12}** Judgment affirmed.

M. POWELL, P.J., and BYRNE, J., concur.