Pfeifer, J.
{¶ 1} In this case, we resolve a certified conflict regarding how uninsured-motorist-contract language applies when an unidentified vehicle allegedly causes a no-contact accident that results in an injury to an insured. Specifically, we *193 address the contract’s requirement that the insured present “independent corroborative evidence” that an unidentified vehicle caused the accident. We hold that the contract’s requirement of independent corroborative evidence can be met using evidence derived from the insured’s testimony.
FACTUAL AND PROCEDURAL BACKGROUND
{¶ 2} This action began with the filing of an insurance claim by appellees, Scott L. Smith and Dawn M. Smith, with their insurer, appellant, Erie Insurance Company (“Erie”), as the result of injuries suffered by Scott in an automobile accident. Scott claimed that while he was driving his pickup truck south on Plasterbed Road in Ottawa County, Ohio, late in the evening of July 25, 2011, a northbound vehicle crossed left of center, causing Scott to swerve his truck off the road into several trees. Scott said that the vehicles did not make physical contact and that the other driver fled the scene.
{¶ 3} Scott called 9-1-1 and reported that a “dark colored SUV” had caused the accident. There were no other witnesses to the accident. The other driver and vehicle were never identified, and no physical evidence confirmed the presence of another vehicle in Scott’s lane of travel.
{¶ 4} An Ohio State Highway Patrol trooper responded to Scott’s call. The trooper took photos of the accident scene and completed an accident report. Relying solely upon Scott’s statement, the trooper’s report stated that Scott’s vehicle “was southbound on Plasterbed Road” when it “swerved to avoid an unknown northbound vehicle that was left of center. [Scott’s vehicle] went off the right side of the road and struck several small trees.” The pictures that were taken by the trooper and attached to the accident report depicted a red pickup truck that appeared to have crashed into some trees. The report, including the diagram that the trooper drew of the roadway, stated that Smith was driving on a flat, dry stretch of road and was approaching a T-intersection with Schiewe Road.
{¶ 5} Scott was treated for injuries from the crash at an emergency room and later received physical therapy. The medical and therapy reports describing Scott’s injuries as resulting from an accident caused by another vehicle’s forcing him off the road were based solely upon Scott’s statements to that effect.
{¶ 6} Scott filed a claim seeking uninsured-motorist (“UM”) coverage under the policy that he and his wife had with Erie. Erie denied the claim.
{¶ 7} The Smiths filed a lawsuit against Erie seeking a declaration that they were entitled to UM coverage from Erie for the accident, and both parties moved for summary judgment. The trial court granted summary judgment to Erie, holding that a provision in the policy requiring the insureds to provide “indepen *194 dent corroborative evidence” that the unknown driver caused the injury meant that the Smiths had to submit evidence, independent of Scott Smith’s own testimony, corroborating that the accident was caused by an unknown motorist, which they faded to do. The particular policy provision states:
“Uninsured motor vehicle” means a “motor vehicle:”
* * *
3. which is a hit-and-run “motor vehicle.” The identity of the driver and owner of the hit-and-run vehicle must be unknown and there must be independent corroborative evidence that the negligence or intentional acts of the driver of the hit-and-run vehicle caused the bodily injury. Testimony of [the insured] seeking recovery does not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.
(Boldface sic; emphasis added.) There is no dispute that the term “hit-and-run” applies to situations in which there is no “hit” — that is, where there is no contact between the vehicles.
{¶ 8} The policy does not define the term “additional evidence.”
{¶ 9} The Smiths appealed. The appellate court held that the policy language
is susceptible of at least two interpretations; one in which the “additional evidence” must be independent, third party evidence not derived from the insured (Erie’s interpretation), and another in which the “additional evidence” may consist of items of evidence, such as medical records and police reports, that are based on the testimony of the insured (appellants’ interpretation).
2015-0hio-3078, 36 N.E.3d 214, ¶ 30 (6th Dist.).
{¶ 10} Because the policy language was susceptible of more than one interpretation, the court found it “ambiguous regarding the evidentiary requirements for uninsured motorist benefits”; since it was ambiguous, the court construed the provision strictly against the insurer and liberally in favor of the insured. Id. at ¶ 32, citing King v. Nationwide Ins. Co., 35 Ohio St.3d 208, 519 N.E.2d 1380 (1988), syllabus.
{¶ 11} In construing the ambiguity in favor of the Smiths, the court of appeals concluded that the “additional evidence” required by the policy may consist of items of evidence, such as medical records and police reports, that are based on *195 the testimony of the insured. The court reversed the trial court’s summary judgment. The court noted that its decision conflicted -with the decision of the Twelfth District Court of Appeals in Brown v. Philadelphia Indemn. Ins. Co., 12th Dist. Warren No. CA2010-10-094, 2011-Ohio-2217, 2011 WL 1782118. In Brown, similar contract language was at issue, but the court held that the insured did not present the requisite “additional evidence” that his injuries were caused by an unidentified vehicle.
Instead, the evidence he presented merely repackaged the statements he made to the police who investigated the incident or to his treating physician. Since the police and Brown’s physician were merely relying on Brown’s account of the incident, the evidence Brown presented in opposition to Philadelphia’s summary judgment motion cannot constitute additional evidence.
Id. at ¶ 28.
{¶ 12} The court of appeals sua sponte certified a conflict with Brown. On review, this court determined that a conflict exists and ordered the parties to brief the following issue:
The subject of the conflict is the uninsured motorist provision in an auto insurance policy, which states that the testimony of an insured seeking recovery of uninsured motorist benefits does not constitute independent corroborative evidence as required by the policy, unless the testimony is supported by additional evidence. The question to be resolved is whether the policy language is ambiguous leading to an interpretation in favor of the insured that any evidence apart from the insured’s testimony, either derived from the insured’s testimony or not, is sufficient to constitute “additional evidence” under the policy, or whether the policy is unambiguous and the “additional evidence” must be independent of, and not derived from, the insured’s testimony.
144 Ohio St.3d 1406, 2015-Ohio-4947, 41 N.E.3d 445.
LAW AND ANALYSIS
{¶ 13} In Girgis v. State Farm Mut. Auto. Ins. Co., 75 Ohio St.3d 302, 662 N.E.2d 280 (1996), paragraph one of the syllabus, this court declared that public policy precluded contract provisions in insurance policies that required physical *196 contact between an insured’s vehicle and the uninsured vehicle as a prerequisite to UM coverage for an accident.
{¶ 14} In Girgis, an unidentified driver swerved into the insured’s lane, causing the insured to swerve off the road and crash. The insured filed a claim with her insurer, State Farm, seeking UM coverage for the hit-and-run accident. State Farm refused coverage based on its determination that there had been no physical contact between the insured’s vehicle and any other vehicle; the policy required such contact as a prerequisite to recovery.
{¶ 15} This court held that it was against public policy to require the insured to prove physical contact in order for the insured to proceed with a UM claim for such an accident. Id. at paragraph one of the syllabus. This court stated that “[w]hile objective standards [such as the physical-contact requirement] have the advantage of being easy to apply, their application does not always do justice to injured claimants.” Id. at 306.
{¶ 16} Although Girgis did away with the physical-contact requirement and replaced it with the corroborative-evidence test, that test also created a difficult burden for insureds to overcome in order to recover benefits pursuant to the uninsured-motorist provisions of their automobile-insurance policies for noncon-tact accidents caused by unknown drivers. This court held:
The test to be applied in cases where an unidentified driver’s negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident.
Id. at paragraph two of the syllabus.
{¶ 17} After Girgis, the General Assembly amended R.C. 3937.18, the uninsured-motorist statute, recognizing that an insured could gain coverage under a UM policy even in a no-contact unidentified-vehicle accident case. 2001 Am.Sub. S.B. No. 97, 149 Ohio Laws, Part I, 779, 780-781. R.C. 3937.18(B) contains the definition of uninsured motorist. Notably, R.C. 3937.18(B) does not track Girgis; rather, the statute requires independent corroborative evidence but states that the insured’s own testimony supported by additional evidence can constitute independent corroborative evidence. R.C. 3937.18(B) states:
For purposes of any uninsured motorist coverage included in a policy of insurance, an “uninsured motorist” is the owner or operator of a motor vehicle if any of the following conditions applies:
[[Image here]]
*197 (3) The identity of the owner or operator cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. For purposes of division (B)(3) of this section, the testimony of any insured seeking recovery from the insurer shall not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.
(Emphasis added.)
{¶ 18} Like the Philadelphia Indemnity Insurance Company policy analyzed by the Twelfth District Court of Appeals in Brown, 2011-Ohio-2217, 2011 WL 1782118, the policy at issue here tracks the language of R.C. 3937.18(B)(3). In interpreting the policy language, we keep in mind that “[a]n insurance policy is a contract; in interpreting contracts, courts must give effect to the intent of the parties, and that intent is presumed to be reflected in the plain and ordinary meaning of the contract language.” Granger v. Auto-Owners Ins., 144 Ohio St.3d 57, 2015-Ohio-3279, 40 N.E.3d 1110, ¶ 20.
{¶ 19} The policy language in this case is less restrictive to insureds than this court was in Girgis. The policy at issue states that there can be recovery of UM benefits in the following circumstances:
The identity of the driver and owner of the hit-and-run vehicle must be unknown and there must be independent corroborative evidence that the negligence or intentional acts of the driver of the hit-and-run vehicle caused the bodily injury.
But the policy language immediately following makes clear that third-party testimony on causation is not required:
Testimony of [the insured] seeking recovery does not constitute independent corroborative evidence, unless the testimony is supported by additional evidence.
{¶ 20} The policy thus states that the insured’s testimony can constitute “independent corroborative evidence.” The insured’s own testimony constitutes independent corroborative evidence if that testimony is supported by additional evidence. That is a big difference from Girgis. Unlike Girgis, this insurance policy does not require “third-party testimony that the negligence of an unidenti *198 fied vehicle was a proximate cause of the accident,” 75 Ohio St.3d 302, 662 N.E.2d 280, paragraph two of the syllabus.
{¶ 21} Instead, the policy requires only additional evidence — not necessarily third-party testimony — supporting the causation testimony of the insured. The policy does not say “additional testimony” and it certainly does not say “independent third-party testimony.” The evidence need be only additional and supportive. A police report that describes a straight, dry roadway and that references no impairment of the driver and no finding of excessive speed could provide additional evidence that supports the insured’s testimony. A transcript of an insured’s conversation with a 9-1-1 operator immediately following the accident — when the insured was in peril — could provide additional evidence supporting the insured’s testimony. Statements made to a police officer — for which an insured could face criminal liability if they were knowingly false, see R.C. 2917.32(A)(3) and (C) — could constitute additional evidence that supports the testimony of the insured.
{¶22} The additional evidence need not go to proximate cause. It must support the insured’s testimony regarding proximate cause. Support is an exceedingly broad concept.
{¶ 23} The insurer included the insured’s own testimony — as long as it is supported by additional evidence — within the definition of “independent corroborative evidence.” That was more generous language than this court set forth in Girgis, and the insurer may now wish it had not included it in the policy; but policy language controls this case, and it allows the insured to move past summary judgment and present this matter to the trier of fact.
{¶ 24} We hold that the language at issue is certainly susceptible of the interpretation that any evidence apart from the insured’s testimony, either derived from the insured’s testimony or not, is sufficient to constitute “additional evidence” under the policy. Even if the policy language can also be interpreted to mean that the “additional evidence” must be independent of, and not derived from, the insured’s testimony, “[wjhere provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured.” King, 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus.
CONCLUSION
{¶ 25} Accordingly, we resolve the conflict in favor of the interpretation of the Sixth District Court of Appeals. We therefore affirm the judgment of the court of appeals and remand the cause to the trial court.
Judgment affirmed and cause remanded.
*199 O’Connor, C.J., and Lanzinger and O’Neill, JJ., concur.
Kennedy, J., dissents, with an opinion joined by O’Donnell and French, JJ.