[Cite as *Springboro Commons Retirement Villa, Inc. v. Feltner*, 2021-Ohio-544.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| SPRINGBORO COMMONS RETIREMENT VILLA, INC., | : | |
| | : | CASE NO. CA2020-07-040 |
| Appellant, | : | O P I N I O N |
| | : | 3/1/2021 |
| - vs - | : | |
| | : | |
| CHARLES FELTNER, | : | |
| Appellee, | : | |

CIVIL APPEAL FROM WARREN COUNTY COURT
Case No. 2019CVG001370

Kathleen Mezher & Associates, Kathleen D. Mezher, 8075 Beechmont Avenue, Cincinnati, Ohio 45255, for appellant

Pro Seniors, Inc., Karen S. Donnelly, 7162 Reading Road, Suite 1150, Cincinnati, Ohio 45237, for appellee

**PIPER, J.**

{¶1}    Appellant, Springboro Commons Retirement Villa, Inc., appeals a decision of the Warren County Court granting summary judgment in favor of appellee, Charles Feltner.[1]

{¶2}    Feltner has been a tenant of Springboro Commons, a federally subsidized

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar for the purposes of issuing this opinion.

residence for senior citizens, since July 2018. Springboro Commons served Feltner with a 30-day termination notice indicating its intention to terminate his lease on August 31, 2019. Springboro Commons alleged within its termination notice that Feltner had violated the terms of his lease by violating "health, safety, or right to peaceful enjoyment of the premises." Thereafter, Feltner filed a complaint with the Ohio Civil Rights Commission and the United States Department of Housing and Urban Development ("HUD") alleging discrimination.

{¶3} During the pendency of the investigation into Feltner's claims by the Ohio Civil Rights Commission, Springboro Commons permitted Feltner to remain on its premises and accepted rent payments from him for August, September, and October 2019. Eventually, the commission found that the eviction was not the result of discrimination, and Springboro Commons served Feltner with a three-day notice to vacate on or before December 5, 2019 as a holdover tenant. Springboro Commons no longer accepted rent from Feltner after the issuance of its three-day notice.

{¶4} When Feltner had not vacated the premises per the three-day notice, Springboro Commons filed a forcible entry and detainer action in the trial court. Feltner filed an answer denying the allegations in Springboro Commons' eviction notices, and discovery occurred. During this time, Feltner paid rent in escrow through the trial court for the portion of his rent that HUD did not subsidize. The trial court issued a scheduling order that required dispositive motions to be filed by April 15, 2020.

{¶5} Feltner filed his motion for summary judgment on April 15, 2020 per the scheduling order. In his motion, Feltner argued that the 30-day termination of lease notice was deficient, and that Springboro Commons waived the notice by accepting future rent payments after serving him with the termination notice. Springboro Commons did not file a motion for summary judgment. However, 12 days later, Springboro Commons filed a motion

for leave to file its motion for summary judgment out of time. The trial court granted Feltner's motion for summary judgment and denied Springboro Commons' motion for leave. Springboro Commons now appeals the trial court's decisions, raising two assignments of error.

{¶6} Assignment of Error No. 1:

{¶7} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

{¶8} Springboro argues in its first assignment of error that the trial court erred by granting Feltner's motion for summary judgment.

{¶9} We review a trial court's decision granting summary judgment de novo. *Estate of Mennett v. Stauffer Site Servs., L.L.C.*, 12th Dist. Warren Nos. CA2019-09-096 and CA2019-10-110, 2020-Ohio-4355. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Matthews v. Texas Roadhouse Mgt. Corp.*, 12th Dist. Butler No. CA2020-03-037, 2020-Ohio-5229, ¶ 4.

{¶10} Summary judgment is proper "if there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party." *Drew v. Weather Stop Roofing Co., L.L.C.*, 12th Dist. Clermont No. CA2019-10-082, 2020-Ohio-2771, ¶ 10.

{¶11} The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St. 3d 280, 292 (1996). Once this burden is met, the nonmoving party may not rest upon the mere allegations or denials of the pleadings but must supply evidentiary materials setting forth specific facts showing there is a genuine issue of material fact for

trial. *Anderson v. Jancoa*, 12th Dist. Butler No. CA2019-01-018, 2019-Ohio-3617, ¶ 23. Summary judgment is proper if the nonmoving party fails to set forth such facts. *Id.* In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Palmer v. Mossbarger*, 12th Dist. Madison No. CA2014-04-011, 2015-Ohio-231.

{¶12} A tenant's obligations are listed in R.C. 5321.05, one of which includes the need to conduct himself or herself "in a manner that will not disturb his neighbors' peaceful enjoyment of the premise." R.C. 5321.05(A)(8). When a landlord seeks to terminate a tenancy for violation of the statutory obligations, it must provide notice to the tenant in accordance with R.C. 5321.11, which requires a 30-day notice before tenancy termination.

{¶13} Once notice of the termination has been provided, R.C. 1923.04 provides,

> a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at the defendant's usual place of abode or at the premises from which the defendant is sought to be evicted.

However, and as this court has previously noted, a landlord waives the right to terminate a tenancy for a breach, other than nonpayment of rent, by accepting future rent payments after delivering a notice of termination of tenancy.[2] *N. Face Properties v. Dong Lin*, 12th Dist. Warren No. CA2012-09-083, 2013-Ohio-2281. A landlord "accepts" future rent by cashing a check tendered after notice of the breach has been issued terminating the tenancy. *Id.* at ¶ 11.

{¶14} After reviewing the record, we find that Feltner is entitled to judgment as a

---

2. As used in eviction jurisprudence, "future rent payments" has been used to represent payments accepted for a period of tenancy after notice of termination has been provided. *Ebbing v. Mathis*, 12th Dist. Butler No. CA2013-01-014, 2013-Ohio-3880, ¶ 18-19.

matter of law. In order to effectively terminate Feltner's month-to-month tenancy for an alleged statutory violation of tenant obligations, Springboro Commons had to first effectuate a termination of tenancy notice 30 days prior to the end of the tenancy period. According to Springboro's termination letter, Feltner's tenancy would terminate on August 31, 2019. However, it is undisputed that Springboro Commons accepted future payments after the August 31 termination date, which was rent for September and October 2019.

{¶15} Springboro Commons relies upon *Country Squire Apts. v. Morales*, 6th Dist. Wood No. 91WD096, 1992 Ohio App. LEXIS 4018 (Aug. 7, 1992), for the proposition that a landlord does not per se waive a termination notice by accepting rental payments. In *Morales*, the Sixth District declined to establish a rule that acceptance of *any* rent after a termination notice is given establishes waiver of that termination notice by the landlord. However, the court limited its ruling to a specific situation where the landlord accepts rent for a period of time for which rental liability has *already* accrued.

{¶16} The *Morales* court noted that a landlord may accept rent to pay for liability already incurred during the pendency of an eviction matter without waiving a termination notice. However, by accepting rent payments for periods after the notice of termination of tenancy, waiver occurs because accepting rent for continuing the tenancy is inconsistent with a landlord's intent to terminate the tenancy and enforce an order to vacate. The court further noted that a landlord's acceptance of rents for a time *after* a tenant has been ordered to vacate shows a willingness on the part of the landlord to permit the tenant to continue to occupy the premises. "Such permissive occupance is directly inconsistent with an order that the tenant be off the premises." *Id.* at * 10.

{¶17} In *Morales*, the landlord gave notice on May 31, 1991 for the tenant to vacate the premises on or before June 30, 1991. On June 1, 1991, the landlord accepted rent for the month of June from the tenant. The *Morales* Court thus determined that the landlord

did not accept payment for any period after the date on which the tenant had been ordered to vacate the premises so that acceptance of this rent was not inconsistent with the notice to vacate. Here, however, the facts are readily distinguishable in that Springboro Commons accepted rental payments covering Feltner's future occupancy during September and October 2019, all of which occurred after the August 31 termination date listed on the notice.

{¶18} Springboro Commons, who alleged that Feltner violated peaceful occupancy rules, knew of Feltner's alleged breach at the time it issued the 30-day notice in July 2019 ending the tenancy. However, and even if a pending investigation from Ohio's Civil Rights Commission or HUD was ongoing, Springboro Commons accepted rent payments from Feltner in direct contradiction to its expressed intent to terminate Feltner's tenancy. This attempt to simultaneously terminate the tenancy at the end of August while also continuing the tenancy by accepting rents after the termination date is contrary to the specific requirements of R.C. 5321.11 and R.C. 1923.04.

{¶19} The fact that Springboro Commons stopped accepting rent from Feltner after December does not change the analysis, as the first step in evicting a periodic tenant is to effectively terminate the tenancy. By accepting Feltner's rent for September and October, Springboro Commons accepted Feltner as an ongoing tenant so that its three-day notice for holding over was invalid. Without first ending Feltner's tenancy term, Springboro Commons could not evict him for holding over. Thus, Feltner is entitled to judgement as a matter of law, and the trial court did not err in granting his motion for summary judgment. Accordingly, Springboro Commons' first assignment of error is overruled.

{¶20} Assignment of Error No. 2:

{¶21} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

{¶22} Springboro Commons argues in its second assignment of error that the trial

court erred in denying its motion for summary judgment.

{¶23}  Given our finding that Feltner is entitled to judgment as a matter of law, Springboro Commons' argument that it is entitled to summary judgment is rendered moot, and its second assignment of error is overruled.

{¶24}  Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.