[Cite as *Withrow v. Geico Advantage Ins. Co.*, 2022-Ohio-1703.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| JANET WITHROW, et al., | : | |
| Appellant, | : | CASE NO. CA2021-08-095 |
| | : | O P I N I O N |
| - vs - | | 5/23/2022 |
| | : | |
| GEICO ADVANTAGE INSURANCE COMPANY, et al., | : | |
| | : | |
| Appellees. | | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2019 10 2122


O'Connor, Acciani & Levy, and Dennis Mahoney, for appellants.

Garvey Shearer Nordstrom, PSC, and John J. Garvey, III and Jason E. Abeln, for appellee.


**HENDRICKSON, J.**

{¶1} Appellant, Janet Withrow, appeals the order of the Butler County Court of Common Pleas granting summary judgment in favor of appellee, Geico Advantage Insurance Company ("Geico").[1]

{¶2} On October 25, 2017, appellant visited her aunt at Woodman Country Manor,

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

a senior retirement and assisted living facility in Somerville, Ohio. Appellant was very familiar with the facility, having previously made frequent visits when her mother-in-law lived there. After concluding the visit, appellant exited the facility to return to her car in the rear parking lot of the building, where she parked out of "habit." Appellant testified that it was a "beautiful fall day," and that there were clear skies and the sun was out. She estimated that her car was about 100 feet from the exit.

{¶3} As she walked to her car, appellant claims she was struck in the legs from behind by a motor vehicle, throwing her forward. She testified that she heard a vehicle accelerating and turned her head and saw it before it hit her from behind. She believed it was an older model SUV, but did not recall the make, model, or color. Appellant testified that after hitting her, the vehicle drove over her, pulling the hair out from the back of her head. The next thing she remembered was waking up at the University of Cincinnati Medical Center three days later. Appellant had been medically evacuated to the hospital, where she spent four days, followed by an additional ten days at the Daniel Drake Center for Post-Acute Care before being discharged.

{¶4} There was one eyewitness, Diedrea Vizedom, who was at the facility that afternoon to pick up her child from her mother-in-law, a part owner of Woodman Country Manor who worked at the facility and watched the child there. Vizedom testified that as she was leaving the facility, she saw appellant standing on the sidewalk outside the building, about 30 feet away from her, looking "dazed" and "confused." She testified that she called out to appellant to ask if she needed assistance, and then witnessed appellant fall "on her face" on the sidewalk. Vizedom did not note any injuries on appellant besides swelling on her forehead. Appellant did not respond when Vizedom ran to assist her, so Vizedom ran into the facility for assistance and called 9-1-1. Vizedom testified that she did not see appellant get struck by a motor vehicle, nor observe any injuries prior to her fall.

{¶5} There were no cameras at the facility and there were no other witnesses. The report submitted by emergency first responders indicated that they found appellant "supine on [the] ground * * * with [a] large hematoma to [her] left eye and forehead." The report also states that "nothing [was] noted on [appellant's] back," and does not mention other injuries, but classified the "cause of injury" as "Fall – Slip, Trip or Stumble." Appellant was evacuated by helicopter to Cincinnati. At the hospital, appellant's medical providers' notes indicate that appellant sustained a traumatic brain injury, a right frontal subarachnoid hemorrhage, a small parafalcine subdural hematoma, a comminuted left orbital floor (eye socket injury), a left maxillary sinus fracture (cheekbone fracture), a left greater wing of sphenoid fracture (skull fracture) and a left nasal bone fracture. Medical records did not note any injuries to appellant's back or the back of her head.

{¶6} Appellant's medical records immediately following the incident do not reflect that she claimed to have been injured by a hit-and-run driver, and similarly do not reflect any injuries or treatment for injuries other than to her face. She testified that she was unable to remember being hit by a vehicle for four or five months afterwards, before gradually being able to recall it. Additionally, her report of where the incident occurred is inconsistent, as she testified to having parked in the rear of the facility and not having used the front entrance, but gave descriptions that suggest her fall occurred near the front entrance.

{¶7} Appellant made an uninsured motorist ("UM") claim pursuant to her insurance contract with Geico. Geico denied the claim. On October 22, 2019, appellant filed a complaint against Geico in the Butler County Court of Common Pleas, alleging five causes of action including breach of contract, and praying for damages in excess of $25,000.00. Following oral argument, the trial court granted summary judgment in favor of Geico. Appellant timely appealed, raising the following assignment of error:

{¶8} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT JANET

WITHROW BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE GEICO.

{¶9} Appellant argues that the trial court erred in granting summary judgment to Geico. Specifically, she contends that the trial court failed to consider her medical records and photographs as independent corroborative evidence of her UM claim. Such evidence, appellant argues, constitutes a genuine issue of material fact which should have precluded the granting of summary judgment.

{¶10} Summary judgment is a procedural device used to terminate litigation and avoid a formal trial when there are no issues in a case to try. *Barnickel v. Auto Owners Ins. Co.*, 12th Dist. Butler No. CA2009-09-223, 2010-Ohio-1100, ¶ 9. An appellate court reviews a trial court's ruling on a motion for summary judgment de novo. *Shannon v. Fischer*, 12th Dist. Clermont No. CA2020-05-022, 2020-Ohio-5567, ¶ 13. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial. *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 14.

{¶11} Pursuant to Civ.R. 56, a trial court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party. *HSBC Bank USA v. Faulkner*, 12th Dist. Butler No. CA2017-10-153, 2018-Ohio-3221, ¶ 12. The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Nolan v. Ernst*, 12th Dist. Warren No. CA2016-06-045, 2017-Ohio-1011, ¶ 8. Once this burden is met, the nonmoving party may not rest upon the mere allegations or denials of the pleadings but must supply evidentiary materials setting forth specific facts showing there is a genuine issue of material fact for trial. *Springboro Commons Retirement Villa, Inc. v. Feltner*, 12th Dist. Warren No.

CA2020-07-040, 2021-Ohio-544, ¶ 11. Summary judgment is proper if the nonmoving party fails to set forth such facts. *Anderson v. Jancoa Janitorial Serv.*, 12th Dist. Butler No. CA2019-01-018, 2019-Ohio-3617, ¶ 23.

{¶12} In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party. *Palmer v. Mossbarger*, 12th Dist. Madison No. CA2014-04-011, 2015-Ohio-231, ¶ 13. "A disputed fact is 'material' if it affects the outcome of the litigation, and it is 'genuine' if it is supported by *substantial evidence that exceeds the allegations in the complaint*." (Emphasis added.) *Liegel v. Bainum*, 12th Dist. Clermont No. CA2011-06-049, 2011-Ohio-6022, ¶ 10. "In determining whether a genuine issue of material fact exists, the court must answer the following inquiry: 'Does the evidence present a sufficient disagreement to require submission to a jury or is it so one-sided that one party must prevail as a matter of law?'" *Whitson v. One Stop Rental Tool and Party*, 12th Dist. Preble No. CA2016-03-004, 2017-Ohio-418, ¶ 13, quoting *Wilson v. Maple*, 12th Dist. Clermont No. CA2005-08-075, 2006-Ohio-3536, ¶ 18.

{¶13} The state of Ohio permits, but does not require, insurers to offer UM coverage. *Snyder v. Am. Family Ins. Co.*, 114 Ohio St.3d 239, 2007-Ohio-4004, ¶ 14, quoting R.C. 3937.18(A). However, if UM coverage is offered, an "uninsured motorist" is defined by statute as,

> the owner or operator of a motor vehicle * * * [whose identity] cannot be determined, but independent corroborative evidence exists to prove that the bodily injury, sickness, disease, or death of the insured was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle.

R.C. 3937.18(B)(3). For purposes of this section, "the testimony of any insured seeking recovery from the insurer shall not constitute independent corroborative evidence, *unless the testimony is supported by additional evidence*." *Id.* (Emphasis added.)

{¶14} Appellant's automobile insurance policy through Geico defines a "hit-and-run motor vehicle" as "a motor vehicle that causes *bodily injury* to an *insured*," provided:

> (a) the identity of the owner and operator of the motor vehicle cannot be determined;
>
> (b) there is independent corroborative evidence, other than the testimony of an *insured*, that the *bodily injury* was caused by the unidentified operator of the motor vehicle;
>
> (c) the *insured* or someone on his behalf reports the accident as a hit and run accident to a police, peace, or judicial officer or to the commissioner of motor vehicles within 24 hours of the accident;
>
> (d) we are notified under oath within 30 days of the accident and that a *hit-and-run motor vehicle* was responsible; and
>
> (e) at our request, *you* or *your* legal representative makes the auto which the *insured* was *occupying* at the time available for our inspection.

(Boldface sic; emphasis sic.) This Geico policy provision creates a more restrictive definition of "uninsured motorist" than R.C. 3937.18. Under the Geico policy's UM coverage, there is no circumstance under which the testimony of an insured my serve as "independent corroborative evidence," while the statute considers the insured's testimony as independent corroborative evidence if "supported by additional evidence."

{¶15} An insurance policy is a contract. *Roos v. Roos*, 12th Dist. Butler No. CA2012-02-033, 2012-Ohio-5243, ¶ 12. The role of a court in interpreting an insurance policy is to give effect to the intent of the parties to the agreement. *Collins v. Auto-Owners Ins. Co.*, 12th Dist. Warren No. CA2016-08-074, 2017-Ohio-880, ¶ 12. An insurance contract must be examined as a whole, and a court will presume that the intent of the parties is reflected in the language used in the policy. *Safe Auto Ins. v. Semenov*, 12th Dist. Warren No. CA2010-08-076, 2011-Ohio-163, ¶ 8. Terms in an insurance policy must be given their plain and ordinary meaning, and only where an insurance policy is ambiguous and

susceptible of more than one interpretation must the policy language be liberally construed in favor of the insured or claimant seeking coverage. *Burdette v. Bell*, 12th Dist. Preble No. CA2019-04-005, 2019-Ohio-5035, ¶ 14.

**{¶16}** The insurance policy at issue requires appellant to submit "independent corroborative evidence" in support of her UM claim. Although this term is not defined in the policy or in R.C. 3937.18(B), we have recognized that "corroborative evidence" is "evidence that 'supplements evidence that has already been given and which tends to strengthen or confirm it[;][i]t is additional evidence, of a different character, to the same point.'" *Brown v. Philadelphia Indem. Ins. Co.*, 12th Dist. Warren No. CA2010-10-094, 2011-Ohio-2217, ¶ 21, quoting *Muncy v. Am. Select Ins. Co.*, 129 Ohio App.3d 1, 6-7 (10th Dist.1998). "'Independent,' as used in the term 'independent corroborative evidence,' means corroborative evidence from a source other than the insured who is claiming that his injuries were caused by an unidentified vehicle." *Id.* Thus, independent corroborative evidence is additional evidence, from a source other than the insured, which supplements and bolsters the evidence that has already been given and tends to strengthen or confirm it.

**{¶17}** The Ohio Supreme Court has recognized that "any evidence apart from the insured's testimony, *either derived from the insured's testimony or not*, is sufficient to constitute 'additional evidence' * * * ." (Emphasis added.) *Smith v. Erie Ins. Co.*, 148 Ohio St.3d 192, 2016-Ohio-7742, ¶ 24. This includes "items of evidence, such as medical records and police reports, that are based on the testimony of the insured." *Id.* at ¶ 11. The court held that although potentially derived in part from the testimony of the insured, such evidence ultimately comes from other sources and is therefore independent. However, in making its ruling in *Smith*, the supreme court noted that the policy at issue was "more generous" than the statutory requirements.

**{¶18}** Neither the supreme court nor this court has determined whether the

evidentiary policy requirements for a UM claim may be stricter than the statutory requirements to support such a claim. We need not determine that issue now, as appellant has failed to provide independent corroborative evidence under either the statutory requirements or the policy requirements. Under the more liberal statutory requirements of R.C. 3937.18(B)(3), there is no indication from appellant's medical records to suggest that she was struck by a motor vehicle, and ultimately no independent corroborative evidence to substantiate her claims. As to the more restrictive policy requirements, there is likewise no evidence to indicate appellant received any injuries from a motor vehicle.

{¶19} Appellant asserts that the medical records and photographs submitted to the trial court constitute independent corroborative evidence which tends to show that she was struck by a motor vehicle. Specifically, she points to medical records and photographs which she alleges document or show an "open scalp wound" on the back of her head as supporting her testimony that the hair on the back of her head was forcefully removed when the vehicle that struck her ran over her. However, nowhere do appellant's medical records note such a wound, even as they meticulously detail the injuries to her face, which were consistent with a mere fall and did not support her having been struck by a motor vehicle.

{¶20} Further, appellant failed to submit any photographs as exhibits to the trial court. Although such photographs are referenced and apparently shown by appellant's attorney during his video deposition of Vizedom, they were not submitted as exhibits and were therefore not part of the record before the trial court, nor before this court. As such, we find that no independent corroborative evidence was presented to demonstrate that appellant was struck by a motor vehicle. On the contrary, the testimony of Vizedom, the emergency first responders' notes, and appellant's medical records all tend to show that appellant simply fell.

{¶21} After reviewing the record, we find that the trial court properly granted

summary judgment in favor of Geico. Appellant failed to produce any substantial evidence that exceeded the allegations in the complaint. *Liegel*, 2011-Ohio-6022 at ¶ 10. No evidence was produced beyond her appellant's unsupported and inconsistent testimony which tended to show that she was struck by a motor vehicle, rather than simply falling. The issue became a matter of law because reasonable minds could only have concluded that appellant was not struck by a motor vehicle in the manner she claimed. *Whitson*, 2017-Ohio-418 at ¶ 13. Accordingly, the trial court did not err in granting summary judgment on behalf of Geico. Appellant's sole assignment of error is overruled.

**{¶22}** Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.