[Cite as *Geico v. Willis*, 2022-Ohio-4227.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| GEICO CHOICE INS. CO., | : | |
| Appellee, | : | CASE NO. CA2022-03-010 |
| | : | O P I N I O N |
| - vs - | | 11/28/2022 |
| | : | |
| DONOVAN WILLIS, et al., | : | |
| Appellants. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 21 CV 093981


Kreiner & Peters Co., LPA, and Todd W. Smith, for appellee.

Brandy Hicks, pro se.


**S. POWELL, P.J.**

{¶ 1} Appellant, Brandy Hicks, appeals the decision of the Warren County Court of Common Pleas granting summary judgment in favor of appellee, Geico Choice Insurance Company ("Geico").[1]  For the reasons outlined below, we affirm.

---

[1]. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

**Facts and Procedural History**

{¶ 2} On December 4, 2020, Geico filed a complaint against Hicks and her son, Donovan Willis, in the Butler County Court of Common Pleas as the insurer, assignee, and subrogee of its customer, L.J.G. To support its complaint, Geico alleged that the then 17-year-old Willis stole L.J.G.'s vehicle from a parking lot located in Middletown, Ohio on May 3, 2020. Geico alleged that Willis then caused $16,629.50 in damages to the vehicle because of his negligent operation of said vehicle. While acknowledging that Willis was the driver of the vehicle, Geico alleged that Hicks was liable for the full $16,629.50 in damages because she had negligently supervised Willis by allowing him to operate a stolen vehicle and causing damage to the vehicle. Geico further alleged, in the alternative, that Hicks was responsible for up to $10,000 in damages caused by Willis pursuant to R.C. 3109.09(B).[2]

{¶ 3} On December 22, 2020, Hicks filed a joint Civ.R. 12(B)(2) motion to dismiss Geico's complaint for lack of personal jurisdiction and a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief could be granted. To support her Civ.R. 12(B)(2) motion to dismiss, Hicks stated, "I reside in Warren County, and as such the court has no standing to hear this case. Only the court in the county in which I reside has the authority to hear a case in state court." As for her Civ.R. 12(B)(6) motion to dismiss, Hicks stated:

> [Geico] alleged that [Willis] stole someone's vehicle, and wrecked that vehicle. [Geico's] allegations are baseless, and it asks the court to assume facts that they have no evidence of. The allegations that [Geico] is asking the court to assume to be true on face value have no merit. [Willis] has never been question[ed] in connection with the alleged incident. Willis has never been charged in connection with this alleged incident.

---

2. "R.C. 3109.09 allows parents to be held financially liable for certain acts committed by their children." *State Farm Mut. Auto. Ins. Co. v. Jiles*, 9th Dist. Summit No. 26841, 2014-Ohio-2512, ¶ 7. Specifically, R.C. 3109.09(B) provides that any owner of property may maintain a civil action to recover compensatory damages "not exceeding ten thousand dollars and court costs" from the parent of a minor if the minor commits an act involving the property of the owner cognizable as a "theft offense" as defined by R.C. 2913.01(K). "Unauthorized use of [a] motor vehicle by a minor may constitute a theft offense subjecting the minor's parents to liability pursuant to R.C. 3109.09(B) for damage to an automobile operated without the owner's consent." *Grange Mut. Cas. Co. v. Reynolds*, 2d Dist. Montgomery No. 23235, 2010-Ohio-114, ¶ 9.

Willis has never been arrested for this alleged incident. There is no criminal case pending regarding this alleged incident against Willis. There has never been a criminal case brought against [Willis] in regard to this alleged incident. [Willis] nor I, have any knowledge of the alleged incident.

{¶ 4} Hicks also stated in support of her Civ.R. 12(B)(6) motion to dismiss:

[Geico] failed to state any facts that definitely prove that [Willis] actually took the vehicle. [Geico] further failed to show any factual basis that [Willis] possessed the alleged vehicle at the time that it was allegedly damaged or that he actually was driving the vehicle when it was allegedly damaged. Given these facts, this case could not prevail in favor of [Geico], if it was allowed to proceed to trial.

{¶ 5} Shortly after Hicks filed her joint motion to dismiss, Geico filed a motion requesting the Butler County court transfer venue to Warren County. To support its motion, Geico cited to both Civ.R. 3(C)(1) and (C)(3). Pursuant to those rules, proper venue may lie in either the county in which the defendant resides or a county in which the defendant conducted activity that gave rise to the claim for relief. The court granted Geico's motion to transfer venue to Warren County on January 8, 2021. Explaining its decision, the Butler County court noted that Hicks had specifically admitted in her joint motion to dismiss that she lived in Warren County. The Butler County court also noted that Geico's loss was alleged to have occurred in Warren County.

{¶ 6} On April 30, 2021, the Warren County Court of Common Pleas (hereinafter, "trial court" or "court") assumed jurisdiction over the case and issued a decision denying Hicks' joint motion to dismiss. In so doing, the trial court initially stated in regard to Hicks' Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction:

[Hicks] has admitted that she and her son live in Warren County, making them Ohio residents. The Court clearly has jurisdiction over them. [Hicks] also challenges the venue in this case. The case was transferred from Butler County to Warren County where she has admitted living. Therefore, Warren County is the proper venue for this case.

{¶ 7} The trial then stated in regard to Hicks' Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted:

> [Hicks] has alleged [Geico] does not have any evidence that [her son, Willis] stole the car at issue. However, this is not a motion for summary judgment where evidence must be considered, this is a motion to dismiss for failure to state a claim upon which relief can be granted and Civ.R. 12(B)(6) only requires the complaint to state enough facts to determine if the plaintiff has properly alleged a cause of action. * * * Based on the allegations in the complaint, the Court finds that if taken as true [Geico] has stated a claim upon which relief may be granted. The motion to dismiss is denied.

{¶ 8} The matter then proceeded to discovery. This included Hicks filing responses to Geico's interrogatories and request for admissions. These responses included Hicks' objection to Geico's interrogatories that "the interrogatories asks for information that if true would be self-incriminating to defendants and violates our 5th amendment rights." Hicks similarly objected to Geico's request for admissions "on the basis of self-incrimination if it were to be true." However, although generally providing no explicit admissions within her responses to either Geico's interrogatories or request for admissions, Hicks did "assert for the record" that "when contacted and asked if [Willis] had ever taken a vehicle before, [Hicks] responded in the affirmative." Hicks further admitted that she knew Willis had previously "took and wrecked a vehicle in Mason."

{¶ 9} On November 15, 2021, Geico filed a motion for summary judgment. Geico attached to its motion evidence indicating Hicks knew that her son, Willis, had stolen L.J.G.'s vehicle and that, given her responses to its request for admissions set forth above, Hicks knew that this was not the first time Willis had stolen a vehicle. Geico also attached to its motion evidence indicating Willis' negligent operation of L.J.G.'s vehicle resulted in damages amounting to $16,629.50. Hicks did not file any response to Geico's summary judgment motion.

{¶ 10} Not receiving any response from Hicks, the trial court issued a decision on March 7, 2022 granting summary judgment to Geico on both of its claims against Hicks. In so doing, the trial court stated:

> Upon application of GEICO along with the evidence presented in connection with their summary judgment motion, this Court finds that there are not genuine issues of material fact which remain for trial in this matter as to [Hicks]. This Court grants summary judgment against [Hicks] in favor of GEICO in the sum of $16,629.50 on its negligent supervision claim. Additionally, this court grants summary judgment against [Hicks] in favor of GEICO in the sum of $10,000.00 pursuant to O.R.C. §3109.09(B). [Hicks] shall not be responsible to pay more than the total amount sought of $16,629.50 despite judgment on both counts of the complaint against her.

{¶ 11} On March 21, 2022, Hicks filed a timely notice of appeal. Oral argument was held before this court on October 31, 2022. Hicks' appeal now properly before this court for decision, Hicks has raised four assignments of error for review. For ease of discussion, we will address Hicks' second assignment of error out of order and Hicks' first, third, and fourth assignments of error together.

**Assignment of Error No. 2:**

{¶ 12} THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTIONS FOR DISMISSAL IN TWO SEPARATE MOTIONS.

{¶ 13} In her second assignment of error, Hicks argues the trial court erred by denying her Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction. Hicks also argues the trial court erred by denying her Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted. We disagree with both of Hicks' claims.

*Hicks' Civ.R. 12(B)(2) Motion to Dismiss*

{¶ 14} "Pursuant to Civ.R. 12(B)(2), a defense of lack of personal jurisdiction may be made either in the responsive pleading, if one is required, or by motion before pleading if a further pleading is permitted." *Goddard v. Goddard*, 11th Dist. Geauga No. 2021-G-0015,

2022-Ohio-3113, ¶ 8. "When a defendant files a Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the trial court has personal jurisdiction over the defendant." *Ricker v. Mercedes-Benz of Georgetown*, 10th Dist. Franklin No. 21AP-43, 2022-Ohio-1860, ¶ 11. "When, as here, a trial court determines a Civ.R. 12(B)(2) motion to dismiss without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction." *Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, ¶ 11. "To do this, the plaintiff must provide sufficient evidence to allow reasonable minds to conclude that personal jurisdiction exists over the defendant." *Parshall v. PAID, Inc.*, 10th Dist. Franklin No. 07AP-1019, 2008-Ohio-3171, ¶ 9, citing *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236 (1994). "Personal jurisdiction is a question of law that appellate courts review de novo." *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, ¶ 27.

{¶ 15} Hicks argues the trial court erred by denying her Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction because Geico failed to prove the theft of L.J.G.'s vehicle, if any such theft actually took place, occurred in Warren County. However, regardless of where the theft of L.J.G.'s vehicle may have taken place, there is no dispute that Hicks lives in Warren County. Hicks admitted this as part of her motion to dismiss, wherein Hicks explicitly stated, "I reside in Warren County * * *." It is therefore clear that the trial court had personal jurisdiction over Hicks. It is also clear that Warren County was a proper venue for this case to proceed to judgment. This is because, under Civ.R. 3(C)(1) and (C)(3), proper venue may lie in either the county in which the defendant resides *or* a county in which the defendant conducted activity that gave rise to the claim for relief. Therefore, finding no error in the trial court's decision denying Hicks Civ.R. 12(B)(2) motion to dismiss for lack of personal jurisdiction, Hicks' first argument lacks merit.

*Hicks' Civ.R. 12(B)(6) Motion to Dismiss*

{¶ 16} "A Civ.R. 12(B)(6) motion for failure to state a claim asks a court to determine if the allegations in a complaint set forth an actionable claim." *Total Quality Logistics, L.L.C. v. Tucker, Albin & Assocs.*, 12th Dist. CA2021-06-031, 2022-Ohio-1802, ¶ 36, citing *Pyle v. Ledex, Inc.*, 49 Ohio App.3d 139, 143 (12th Dist.1988). Civ.R. 12(B)(6) authorizes the dismissal of a complaint if the complaint fails to state such a claim. *Morrison v. Liberty Mut. Ins. Co.*, 12th Dist. Butler No. CA2021-12-163, 2022-Ohio-2458, ¶ 14. "In ruling on a complaint under Civ.R. 12(B)(6), the trial court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party." *Fontain v. H&R Cincy Properties, L.L.C.*, 12th Dist. Warren No. CA2021-02-015, 2022-Ohio-1000, ¶ 55, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *Conaway v. Mt. Orab*, 12th Dist. Brown No. CA2021-04-005, 2021-Ohio-4041, ¶ 13, citing *York v. Ohio State Hwy Patrol*, 60 Ohio St.3d 143, 145 (1991). "A trial court's order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) is subject to de novo review on appeal." *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 35 (12th Dist.).

{¶ 17} Hicks argues the trial court erred by denying her Civ.R. 12(B)(6) motion to dismiss for failure to state a claim because Geico has yet to establish the facts set forth within its complaint and/or produce an "evidentiary basis" to support its claims against her. However, when presuming all factual allegations in Geico's complaint as true, Geico alleged sufficient facts within its complaint to overcome Hicks' challenge. As noted above, Geico alleged within its complaint that Hicks' son, the then 17-year-old Willis, stole L.J.G.'s vehicle and thereafter caused $16,629.50 in damages as a result of his negligent operation of said vehicle. Geico alleged that Hicks was liable for the full $16,629.50 in damages because

she was negligent in her supervision of Willis by allowing him to operate a stolen vehicle. Geico also alleged, in the alternative, that Hicks was responsible for up to $10,000 in damages resulting from Willis stealing Gilbert's vehicle pursuant to R.C. 3109.09(B). Hicks could have challenged these allegations by filing a response to Geico's motion for summary judgment, something that Hicks did not do. Therefore, finding no error in the trial court's decision denying Hicks Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted, Hicks' second argument also lacks merit.

{¶ 18} Accordingly, having found no merit to any of the arguments advanced by Hicks herein in support of her second assignment of error, Hicks' second assignment of error lacks merit and is overruled.

**Assignment of Error No. 1:**

{¶ 19} [THE] TRIAL COURT ERRED IN GRANTING MOTION FOR SUMMARY JUDGMENT. ERROR BY PLAINTIFF IN STATEMENT OF FACTS.

**Assignment of Error No. 3:**

{¶ 20} THE TRIAL COURT ERRED IN GRANTING THE MOTION OF SUMMARY JUDGMENT AWARDING MULTIPLE JUDGMENTS FOR THE SAME ASSERTION OF FACTS. DOUBLE JEOPARDY.

**Assignment of Error No. 4:**

{¶ 21} THE TRIAL COURT ERRED IN GRANTING THE MOTION OF SUMMARY JUDGMENT ON THE BASIS OF RULE 36, FAILURE BY NON-MOVING PARTY TO RESPOND.

{¶ 22} In her first, third, and fourth assignments of error, Hicks argues the trial court erred by granting summary judgment in favor of Geico. We disagree.

*Civ.R. 56 Summary Judgment Standard*

{¶ 23} "Summary judgment is a procedural device used to terminate litigation when

there are no issues in a case requiring a formal trial." *Franchas Holdings, L.L.C. v. Dameron*, 12th Dist. Clermont No. CA2015-09-073, 2016-Ohio-878, ¶ 16, citing *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). "Civ.R. 56 sets forth the summary judgment standard." *State ex rel. Becker v. Faris*, 12th Dist. Clermont No. CA2020-10-058, 2021-Ohio-1127, ¶ 14. "Pursuant to that rule, a court may grant summary judgment only when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party." *Spitzer v. Frish's Restaurants, Inc.*, 12th Dist. Butler No. CA2020-12-128, 2021-Ohio-1913, ¶ 6, citing *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.).

{¶ 24} "A material fact is one which would affect the outcome of the suit under the applicable substantive law." *Ownerland Realty, Inc. v. Zhang*, 12th Dist. Warren Nos. CA2013-09-077 and CA2013-10-097, 2014-Ohio-2585, ¶ 14, citing *Hillstreet Fund III, L.P. v. Bloom*, 12th Dist. Butler No. CA2009-07-178, 2010-Ohio-2961, ¶ 9. "In determining whether a genuine issue of material fact exists, the evidence must be construed in favor of the nonmoving party." *Assured Admin., L.L.C. v. Young*, 12th Dist. Warren No. CA2019-04-039, 2019-Ohio-3953, ¶ 14, citing *Vanderbilt v. Pier 27, L.L.C.*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 8. This court reviews a trial court's decision to grant summary judgment de novo. *Faith Lawley, L.L.C. v. McKay*, 12th Dist. Warren No. CA2020-08-052, 2021-Ohio-2156, ¶ 26.

*Hicks' Arguments Supporting Her First Assignment of Error*

{¶ 25} In her first assignment of error, Hicks argues that because Geico's motion for summary judgment listed the wrong date that Geico filed its complaint, there is no telling what else Geico may have "misrepresented" within its motion. Hicks also argues that, when

considering Geico's misleading statement of facts set forth within its motion, the trial court should have "erred on the side of caution" and examined Geico's motion for summary judgment more closely prior to issuing its decision. However, although we agree that Geico's statement of facts provides the wrong date for when Geico filed its complaint, there is nothing to indicate Geico's misstatement was anything more than a typographical error. The record is also devoid of any evidence to indicate the trial court forwent its review of the record prior to issuing its decision based on this single, minor misstatement. This is particularly true here when considering it took nearly four months for the trial court to issue its decision after Geico filed its summary judgment motion. That is to say nothing of the fact that the trial court specifically stated within its decision that it had considered "the evidence presented in connection with [Geico's] summary judgment motion" prior to issuing its decision. Hicks' first assignment of error lacks merit.

*Hicks' Arguments Supporting Her Third Assignment of Error*

{¶ 26} In her third assignment of error, Hicks argues the trial court should have allowed the case against her to continue through discovery and proceed to trial because she responded to Geico's interrogatories and requests for admissions. Hicks alternatively argues the trial court should have "used discretion" to delay issuing its decision and instead ordered her to "show cause that she could prevail if allowed to proceed to a trial." However, once Geico filed its motion for summary judgment demonstrating there were no genuine issues of material fact remaining for trial, Hicks, as the nonmoving party, was required to supply the trial court with evidentiary materials setting forth specific facts indicating that there was, in fact, a genuine issue of material fact remaining for trial. *Springboro Commons Retirement Villa, Inc. v. Feltner*, 12th Dist. Warren No. CA2020-07-040, 2021-Ohio-544, ¶ 11. Hicks failed to provide the trial court with any evidentiary materials, let alone evidentiary materials that set forth specific facts to demonstrate that a genuine issue of material fact

remained for trial. "Summary judgment is proper if the nonmoving party fails to set forth such facts." *Withrow v. Geico Advantage Ins. Co.*, 12th Dist. Butler No. CA2021-08-095, 2022-Ohio-1703, ¶ 11. This holds true regardless of whether Hicks, as the nonmoving party, had previously responded to Geico's interrogatories and requests for admissions.

**{¶ 27}** Also in her third assignment of error, Hicks argues the trial court erred by awarding Geico a judgment against her in the full $16,629.50 amount when the maximum amount that she could be held liable for her son's actions was $10,000 in accordance with R.C. 3109.09(B). The trial court, however, found Hicks liable to Geico under both a negligent supervision claim and a claim brought pursuant to R.C. 3109.09(B). The trial court, therefore, did not err awarding Geico a judgment against Hicks in the full $16,629.50 amount on Geico's negligent supervision claim, nor did the trial court err by awarding Geico a judgment against Hicks in the amount of $10,000 on Geico's claim brought pursuant to R.C. 3109.09(B). In so holding, we note that the trial court explicitly stated that within its decision that Hicks "shall not be responsible to pay more than the total amount sought of $16,629.50 despite judgment on both counts of the complaint against her." This too was not error. Hicks' third assignment of error lacks merit.

*Hicks' Arguments Supporting Her Fourth Assignment of Error*

**{¶ 28}** To support her fourth assignment of error, Hicks argues that because she responded Geico's interrogatories and requests for admissions, "[n]o judgment should have been entered against her under rule 36." Hicks' argument is illogical given that judgments are not entered against parties pursuant to Civ.R. 36, a rule that governs requests for admissions. However, to the extent Hicks may be arguing that the underlying facts alleged by Geico in its motion for summary judgment are not true, or that she should not be held liable due to her lack of direct knowledge regarding her son Willis' conduct, it is well-established that "a party who does not respond to an adverse party's motion for summary

judgment may not raise issues on appeal that should have been raised in a response to the motion for summary judgment." *Schlack v. CSX Transp.*, 12th Dist. Warren No. CA95-09-092, 1996 Ohio App. LEXIS 354, *5 (Feb. 5, 1996), citing *Maust v. Meyers Products, Inc.*, 64 Ohio App.3d 310, 313 (8th Dist.1989). That Hicks is appearing pro se in this matter does not alter this fact for it is equally well-established that "litigants who proceed pro se are held to the same standard as those who are represented by counsel." *Chambers v. Setzer*, 12th Dist. Clermont No. CA2015-10-078, 2016-Ohio-3219, ¶ 10. "Pro se litigants are not to be accorded greater rights and must accept the results of their own mistakes and errors, including those related to correct legal procedure." *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 21. Hicks' fourth assignment of error lacks merit.

{¶ 29} For the reasons outlined above, and finding no merit to any of the arguments advanced by Hicks herein in support of her first, third, and fourth assignments of error, Hicks' first, third, and fourth assignments of error are also overruled.

{¶ 30} Judgment affirmed.

HENDRICKSON and BYRNE, JJ., concur.